IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re: STEVE ZIMMER PAIGE,<br>        Debtor.<br><br>SEARCH MARKET DIRECT, INC., and MAGNET MEDIA, INC.,<br><br>    Appellants,<br><br><br><br><br>vs.<br><br><br>GARY E. JUBBER, Trustee of the Bankruptcy Estate of Stephen Zimmer Paige, and CONSUMERINFO.COM,<br><br><br>    Appellees. | MEMORANDUM DECISION AND ORDER DENYING EMERGENCY MOTION FOR STAY PENDING APPEAL OF CONFIRMATION ORDER AND EMERGENCY EX PARTE  MOTION FOR EXPEDITED HEARING AND DISMISSING CASE FOR LACK OF JURISDICTION<br><br><br><br><br><br>Case No. 2:07-mc-822 TS<br><br>Bankruptcy Case No. 05-34474 |

1

An appeal from a decision of a Bankruptcy Judge is heard by the Tenth Circuit's Bankruptcy Appeal Panel (BAP)[1] unless the appellant filed Notice of Election that it be heard by the district court "at the time of filing the appeal."[2]  Appellants acknowledge that their appeal of the Bankruptcy Judge's confirmation order has been assigned to the BAP but contend that they attempted to file their Notice of Election at the time they filed their appeal; therefore they request that this Court "find it has jurisdiction to hear this appeal and enter the temporary stay requested . . . on the grounds that the Notice of Election was filed 'at the time of the filing of the appeal.'"[3]  Because the appeal has already been assigned to the BAP, this Court lacks jurisdiction to consider the Motions and they will be denied without prejudice.

Appellants Search Market Direct, Inc., and Magnet Media, Inc., are creditors in the Chapter 11 bankruptcy estate of Stephen Zimmer Paige.  Appellees are Gary E. Jubber, the Chapter 11 trustee of the Stephen Zimmer Paige bankruptcy estate and ConsumerInfo.com, Inc., one of its creditors.

On October 18, 2007, the Bankruptcy Judge confirmed a Chapter 11 plan submitted by Appellees and denied confirmation of a rival plan proposed by Appellants.  Appellants moved for a stay of the confirmation order pending appeal.  On October 23, 2007, the

---

[1] Fed. R. Bankr. P. 8001(e) ("An election to have an appeal heard by the district court under 28 U.S.C. § 158 (c)(1) may be made only by a statement of election contained in a separate writing filed with the time prescribed by 28 U.S.C. § 158 (c)(1)."

[2] 28 U.S.C. § 158 (c)(1)(A) (providing that appeals shall be heard by the Circuit's BAP "unless—(A) the appellant elects at the time of filing the appeal").

[3] Appellant's Mot. at 4 (quoting § 157(c)(1)(A)).

Bankruptcy Judge denied the Motion for Stay Pending Appeal.  On October 25, 2007, Appellants filed a notice of appeal.  According to the affidavit of Appellants' counsel's paralegal, she attempted to file a simultaneous Notice of Appeal and a Statement of Election to have the appeal heard by the United States Court for the District of Utah.[4]  However, she represents that she was unable to do so due to a computer snafu because the law firm's computer system was set to automatically block pop-ups, including the pop-up which would allow her to pay the filing fee.[5]   By the time the problem was ascertained and fixed, 46 minutes had elapsed.  As a result, the filing of the Notice of Appeal and the Statement of Election were not filed concurrently and the appeal was sent to the BAP.[6]

Where the appeal has been sent to the BAP, this Court lacks jurisdiction over the matter.  Although Fed. R. Bank. P. 8005 provides that a motion for a stay pending appeal may be addressed to the district court or the BAP, the clear meaning of the Rule is that a stay pending appeal should be addressed to the Court that is hearing the appeal.

To the extent that Appellants seek relief based on the alleged snafu, Bankr. D. Ut. LBR 5005-2(h) provides that "A Filing User . . . whose filing is made untimely as the result of a technical failure may seek appropriate relief from the court."  However, any such relief should be obtained from the Bankruptcy Court where the Notice of Election was untimely filed, or to the BAP where the appeal has already been assigned.

---

[4] Peterson Decl. at ¶¶ 3, 10-13.

[5] *Id*. at ¶ 4-8.

[6] *See* Emergency Motion, Ex. 1 (e-mail from Appeals Clerk for Bankruptcy Court).

Appellants have requested an emergency hearing on their request for a stay. However, in view of their very tight time frame for obtaining a stay of the order of confirmation,[7] and the lack of jurisdiction in this Court, the Court finds that a hearing would not be helpful because it would unnecessarily delay Appellants' ability to obtain rulings on their motions from the BAP.[8]

For the reasons stated above, it is therefore

ORDERED that Appellants' Emergency Ex Parte Motion for Expedited Hearing on Motion for Stay Pending Appeal or, in the Alternative, for Temporary Stay of the Order on Appeal Until a Full Hearing on the Emergency Motion for Stay Pending Appeal Can Be Held and Appellants' Motion for Stay Pending Appeal of Confirmation Order are DENIED WITHOUT PREJUDICE FOR LACK OF JURISDICTION. It is further

ORDERED that this case is DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION. The clerk of court is directed to close this case.

DATED October 28, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] Fed. R. Bankr. P. 3020 (e) (providing the "order confirming a plan is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise") and Fed. R. Bankr. P. 9006 (a) (excluding intermediate weekends and holidays only when "the period of time prescribed or allowed is less than 8 days").

[8] *See* 10th Cir. BAP L.R. 8005-1 (addressing procedures for motions for stay pending appeal, including an emergency motion).