IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re: STEVE ZIMMER PAIGE, Debtor. SEARCH MARKET DIRECT, INC., and MAGNET MEDIA, INC.,     Appellants, vs. GARY E. JUBBER, Trustee of the Bankruptcy Estate of Stephen Zimmer Paige, and CONSUMERINFO.COM,     Appellees. SEARCH MARKET DIRECT, INC., et al.,     vs. GARY E. JUBBER, Trustee of the Bankruptcy Estate of Stephen Zimmer Paige. | MEMORANDUM DECISION AND ORDER DENYING SMDI'S MOTION FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL Case No. 2:07-CV-822 TS Bankruptcy Case No. 05-34474 |

1

Pursuant to 11 U.S.C. § 158(a)(3) and Bankruptcy Rule 158(a)(3), SMDI seeks leave to file an interlocutory appeal of the Bankruptcy Judge's November 27, 2007 Order allowing: (1) Third Interim Application of Trustee's Accountant for Allowance of Compensation as an Administrative Expense; and (2) Chapter 11 Trustee's Second Application for Compensation and Reimbursement of Expenses by Fabian & Clendenin, Counsel for Trustee (Interim Fee Order).

In the case *In re Callister*,[1] the Tenth Circuit explained that interim fee awards are interlocutory:

> Interim awards of compensation are authorized pursuant to 11 U.S.C. § 331:
>
>> A trustee, an examiner, a debtor's attorney, or any professional person ... may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application of reimbursement for expenses incurred before such date . . ..  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.
>
> The statute anticipates repeated application to the court for reimbursement and compensation, subjecting the award to amendment or modification at any time during the pendency of the bankruptcy proceedings. Interim awards of compensation, which are within the court's discretion, are to be considered by the court in making a final award.  "Interim allowances are always subject to the court's re-examination and adjustment during the course of the case, and all expenses of administration must receive the court's final scrutiny and approval."  Interim awards, too, are refundable to the estate in cases of misconduct.  Interim awards, then, are in no respect final adjudications on the question of compensation.  Such awards are therefore interlocutory.
>
> . . .

---

[1] 673 F.2d 305, 306 (10th Cir. 1982).

> As mentioned previously, the order does not conclusively determine any disputed question, nor is it effectively unreviewable on appeal from final judgment.[2]
>
> Under . . . section [1292(b)], appellate review is proper where there is "(1) a controlling question of law (2) as to which there is substantial ground for difference of opinion and [where] (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." Such appeals should be limited to extraordinary cases, and the party seeking review has the burden of persuading the court that exceptional circumstances justify deviating from the policy of postponing appellate review until a final judgment has been entered in the case.[3]

SMDI contends that the following are controlling issues of law: whether the Bankruptcy Court applied the correct legal standard for determining the issue of whether the trustee and his law firm were disinterested and did not hold or represent an interest adverse to the estate; and (2) whether the Bankruptcy Court abused his discretion in authorizing the interim payment to the trustee and his law firm. SMDI contends that it would materially advance the ultimate termination of the underlying litigation because denial of payment would result in a new, and disinterested, trustee who would then facilitate the settlement of the adversary proceeding that was the major asset of the bankruptcy estate. SMDI is the defendant in that adversary proceeding.

The Trustee and Consumerinfo.com (the plaintiffs in the adversary proceeding) contend that the disinteredness of the trustee is a finding of fact, not an issue of law. They

---

[2]*Id*. at 306-07 (quoting 11 U.S.C. § 303 and 2 Collier on Bankruptcy ¶ 331.03 (15th ed. 1981) (additional citations omitted)).

[3]*Columbia Cas. Co. v. Markus*, 2006 WL 2591091, 3 (D. Utah 2006) (quoting § 1292(b)) (additional citations omitted).

also contend that SMDI lacks standing to appeal the interim order; that SMDI cannot meet the high standard for allowing such an interlocutory appeal; the issue of the trustee's disinterestedness is already on appeal as part of the appeal of the confirmation order; and an interlocutory appeal would hinder, not advance, the ultimate litigation.

The Court finds that the Bankruptcy Court's determination that the trustee was disinterested was a finding of fact. There is no real issue as to the controlling law, only as to the Bankruptcy Court's application of that legal standard to the disputed facts of this bankruptcy case. Because it involved a finding of fact and the fee awards were only interim awards that remain "subject to the court's re-examination and adjustment during the course of the case" and would be "refundable to the estate in cases of misconduct,"[4] the Court finds that an interlocutory appeal of the issue would not materially advance the ultimate litigation. It is therefore

ORDERED that SMDI's Motion for Leave to File an Interlocutory Appeal (Docket No. 50) is DENIED.

DATED May 8, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *Callister*, 673 F.2d at 306.